### HUGH BORDEN AND OTHERS v. HENRY DOWNEY.

1. Where an estate for life is devised, and a power of disposition is annexed, the fee does not thereby pass; but it is otherwise where the estate is devised generally, with a power of disposition annexed.
2. A testator having given his wife the use of all his real and personal estate for life, declared as follows: " I also give and bequeath to my beloved wife, L. A., one-third of all that may remain at the time of her death, for to dispose of as she may see proper." *Held*—that the widow took a vested, absolue estate in such third part.

---

The following are extracts from the will of William Akins, deceased, viz.: " *Third.* I give and bequeath to my beloved wife, Lucy Akins, all my farm and plantation whereon I now dwell, and all my meadows and beaches, and all my woodlands, and all my rights in lands that I now or can own or come to my estate after my death, either by will or deed, in any lawful manner, for the benefit of my estate, excepting a lot of meadow, &c.; also all my notes of hand, bonds, mortgages, and book accounts ; and also so much of my household and kitchen furniture as she may think she stands in need of for her use. I also order and direct my executrix and executor to sell at public auction all my horses, cattle, &c. It is my wish that the timber that is growing on the different lots of woodland that belongs to my estate should be carefully pre-

Borden·et al. v. Downey.

served for the benefit of my estate, to be and remain as herein directed so long as she remains my widow.

" *Fourth.* If my wife, Lucy Akins, should marry, I order and direct that she is not to have, after her marriage, no moneys belonging to my estate at that time, but is still to have all my lands and meadows, as is directed in the first bequest to her in my will.

" *Fifth.* I also give and bequeath to my beloved wife, Lucy Akins, one-third of all my estate that may remain at the time of her death, for her to dispose of as she may see proper, and the other two-thirds to be divided as I hereinafter order and direct."

The will then proceeds to dispose of the two-thirds of the estate just mentioned.

The widow, Lucy Akins, died intestate, and without having disposed of her interest in the property

The ejectment was brought by the heirs of the widow, to recover certain lands of which the testator died seized.

It appeared in the case stated, that the defendant was holding these lands under the heirs-at-law of the testator.

Argued at February Term, 1871.

For the plaintiffs, *A. C. McLean.*

For the defendant, *Wm. H. Vredenburgh.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiffs in this ejectment are the heirs-at-law of Lucy Akins, and they claim, in the first place, the whole of the premises in question, on the ground that, under the will of her husband, William Akins, she took them in fee. To reach this result, the third clause of the will is relied upon; but I think the clause will not bear the construction thus put upon it. The intention, which seems to me to be quite clearly expressed in this paragraph, is to give a life estate to Mrs. Akins, conditional on her remaining

a widow. The instrument is evidently drawn by an unskilled hand, and is informal from beginning to end; but, nevertheless, the general design is intelligible to a reasonable certainty. The expression at the close of this clause, as follows, viz.: " To be and remain as herein directed, so long as she remains my widow," plainly refers to the entire property embraced in the clause, and excludes the idea that the fee was given to the wife. So the provision, in the fourth clause, excluding the wife, in the event of her marriage, from the personalty, but leaving her the lands as devised in the antecedent clause, tends to fortify the same view. If these indications as to the purpose of the testator are not sufficiently clear, all obscurity, it seems, is removed by the next of the testamentary paragraphs, in which one-third of all the estate is given to the widow, that may remain at the time of her death. On the supposition that, by the third clause, the fee in the whole property is given to the widow, this last devise becomes superfluous and absurd. On this first branch of the case, the decision must be against the plaintiffs, as Lucy Akins, their ancestor, did not take a fee in the whole of the property in controversy.

The second subject of inquiry relates to the proper interpretation of the fifth clause of this will. The plaintiffs contend that, by force of this provision, a fee in an undivided third of these lands passed to the widow. The words of the clause are as follows, viz.: " Fifth. I also give and bequeath to my beloved wife, Lucy Akins, one-third of all my estate that may remain at the time of her death, for to dispose of as she may see proper, and the other two-thirds to be divided as I hereinafter order and direct." The question here presented is whether an estate or a mere power was vested in the widow. If by these words an estate was not raised, the plaintiffs cannot succeed in this suit, for the widow has died without exercising the power to dispose of the property.

The decisions relating to this subject I do not think can be entirely reconciled, and some of them appear to turn on subtle distinctions; but there is a well-marked principle run-

ning through them, which it is important to preserve, and which, when applied to the facts of this case, appears to have a decisive effect. The rule is this: that where an estate for life is expressly given, and a power of disposition is annexed to it, in such case the fee does not pass under such devise, but the naked power to dispose of the fee. But it is otherwise in case there is a gift generally of the estate, with a power of disposition annexed. In this latter case the property itself is transferred. Thus, it is said, a gift to A and to such person as he shall appoint, is absolute property in A, without an appointment; but if it is to him for life, and after his death to such person as he shall appoint by will, he must make an appointment in order to entitle that person to anything. 1 *Sugden on Powers* 123. In *Bradley* v. *Westcott*, 13 *Ves.* 452, Sir William Grant remarks: "The distinction is, perhaps, slight which exists between a gift for life, with a power of disposition superadded, and a gift to a person indefinitely, with a superadded power to dispose by deed or will. But that distinction is perfectly established, that in the latter case the property vests." Illustrative of this doctrine, there is an extensive series of cases, a number of which are collated by Sir Edward Sugden, in his Treatise, at the page just mentioned. Among these are the cases cited in the brief of the counsel of the defendant, and all of them which hold that the property did not vest are instances of express gifts for life with powers of disposition connected with them. An anonymous case in 3 *Leonard, p.* 71, is one of those thus referred to. The devise was of lands to the testator's wife for her life, "she to give the same to whom she will;" and this disposition was held to vest no more than an estate for life in the wife. The cases of *Reid* v. *Shergold*, 10 *Ves.* 370; *Nannock* v. *Horton*, 7 *Ves.* 391; *Randal* v. *Hearle*, 1 *Anstr.* 124; *Bradley* v. *Westcott*, 13 *Ves.* 445; *Fowler* v. *Honter*, 3 *Younge & Jer.* 506, are of a kindred character. These are all cases which exemplify that branch of the rule above propounded, that a gift of property for life, with a power to dispose of it, does not vest in the

devisee or grantee the whole property, but merely an estate for life, with which a power of disposition is coupled.

The other branch of the doctrine, that the entire estate will vest, on a general gift of the property, accompanied with a power to appoint, is supported by cases which are equally explicit. One of these is *Robinson* v. *Dusgate*, 2 *Vern.* 181. A testator directed that £200 should be at the disposal of his wife, in and by her last will and testament, to whom she should think fit to give the same; and this was held to be an absolute gift to her. And in like manner a gift of a sum to the testator's wife, to be disposed of as she thought proper, to be paid after her death, was decided not to be a power, but to vest the whole interest in the legatee. *Hixon* v. *Oliver*, 13 *Ves.* 108. For cases in the same line, see *Maskelyne* v. *Maskelyne*, *Ambl.* 750; *Paice* v. *Archbishop of, &c.*, 14 *Ves.* 370.

From the foregoing cases, and many others to which it would be superfluous to refer, I take the distinction to be settled, between a gift of an estate for life, with a power to appoint, and a gift of the estate in an unlimited form, with a similar power. In the former case the grantee or devisee takes but an estate for life, in the latter an estate in fee. The only question, therefore, arising in the present case is, as to the interest of the estate devised in one-third of the property to the widow.

Upon a careful consideration of all the facts of this will, it seems to me that the fifth clause must be construed as giving, in a general form, the estate in one third of this property to the widow, and as annexing to this gift a power of disposition. On the theory that but a life interest is given to the widow, a large part of the language of the clause is rendered meaningless. The words are: " I also give and bequeath to my beloved wife, Lucy Akins, one-third of all my estate that may remain at the time of her death, for to dispose of as she may see proper." The testator had already given his wife a life estate in his property, and here he gives her something more. He does not say that she may dispose of one-third of his property which may remain at the time of her death, but he

devises, and bequeaths such portion of his property to her. He afterwards devises and bequeaths the other two-thirds to other persons. The entire will indicates a purpose to dispose of his entire estate. It seems to me impossible, in view of the authorities, for the court to say that this general gift of one-third of the estate to the widow is a mere power. No case, I think, can be found which would favor such a construction. By force of this fifth clause, one-third of this property vested absolutely in the widow, and, consequently, upon her death passed to her heirs-at-law.

The judgment of the court below, which gave to the plaintiffs one undivided third part of these premises, should be sustained.

AFFIRMED, 7 *Vr.* 460.